## John Dawson v. Margaret Dawson.

*Divorce: Void marriage: Fraud: Satisfactory evidence: Declaration*, To maintain a bill for divorce there must be satisfactory evidence sustaining the charge, irrespective of the declarations, confessions or admissions of the parties.
*Heard April 24. Decided April 27.*

Appeal in Chancery, from Barry Circuit.

The bill in this cause was filed to obtain a decree annulling a marriage on the ground of fraud.

The cause was heard on pleadings, and proofs, and a decree granted as prayed for.

The facts are stated in the opinion.

*H. M. & W. E. Cheever,* for appellant.

*James A. Sweezey, Geo. H. Prentiss,* and *T. Romeyn,* for defendant and appellant.

GRAVES J.

This suit was brought by the husband against the wife

to obtain a decree annulling the marriage between them, on the alleged ground that complainant's assent to the marriage was obtained by the fraud of the defendant. The fraud imputed to the defendant was her concealment of the fact that she was pregnant; and to support the charge, it was incumbent on complainant to establish by satisfactory evidence that he was actually deceived, and to that end to negative any legal inference, that he knew, or, as a man of ordinary intelligence, had reasonable ground to believe, what the defendant's condition was. This, we think, he has failed to do, even if all the testimony before us and bearing upon the question, is deemed satisfactory testimony in a cause of this description. But there is another view of the cause which appears to us to be fatal. The statute declares that "No decree of divorce, or of the nullity of a marriage, shall be made solely on the declarations, confessions, or admissions of the parties; but the court shall in all cases require other satisfactory evidence of the facts alleged in the bill for that purpose." *Comp. L.* § *3261.* If the "declarations, confessions and admissions" of the parties to this case were stricken from the record, nothing would remain to sustain the charge of fraudulent deception but the oath of the complainant and such deductions from the conduct of the parties as, in respect to such persons and such a transaction, could be properly drawn; and if this test should be applied, it would, we think, be quite manifest that the other satisfactory evidence required by the statute of the facts alleged in the bill would be wanting.

It is, however, by no means certain that the most material part of the complainant's deposition, aside from the portion which narrates statements and admissions of defendant, would not in strictness be considered as within the mischief the statute was meant to remedy.

These considerations are sufficient to show that if we give to the declarations, confessions, and admissions of the parties all the weight which can be claimed for them in this

case, there will still be lacking the other satisfactory evidence that complainant was deceived as alleged.

The decree of the court below must be reversed, and one entered in this court, dismissing the bill, with the costs of this court.

COOLEY and CHRISTIANCY, JJ. concurred.

CAMPBELL J.

I think the complainant's case was sufficiently made out, and that the decree of nullity should be affirmed.

The facts are such that it is not desirable to enlarge upon them. I shall, therefore, content myself with merely expressing an opinion on the result.